# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-01636-SBP

IN RE: *EX PARTE* APPLICATION OF MARWIN DARWISH FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 IN AID OF FOREIGN PROCEEDINGS

## ORDER

**Susan Prose, United States Magistrate Judge**

Pending before the court is the Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782 in Aid of Foreign Proceedings (ECF No. 1, the "Application"), in which Applicant Marwin Darwish ("Applicant" or "Mr. Darwish") requests an order from this court pursuant to 28 U.S.C. § 1782 authorizing him to take discovery from US Bank, N.A. ("US Bank") and Wells Fargo Bank, N.A. ("Wells Fargo") (together, "the Banks") for use in a conservatorship proceeding pending in a court in the country of Jordan. The undersigned Magistrate Judge fully presides over this case pursuant to 28 U.S.C. § 636(c)(1), Mr. Darwish's consent (ECF No. 8), and the Order of Reference (ECF No. 9).

Upon consideration of the Application and all supporting papers, this court finds that, on the present record, the statutory requirements of 28 U.S.C. § 1782 are not satisfied. Accordingly, the Application is respectfully **DENIED**.

## BACKGROUND

The following allegations are taken from the Application but are not supported by a sworn declaration, as is typical in a proceeding under § 1782. *See, e.g.*, *In re Ex Parte Application of William Laggner*, No. 23-cv-00074-NYW, ECF No. 1 (declaration in support of

application for discovery pursuant to §1782); *Kiritchenko Citicorp. North America, Inc.*, No. 2:23-mc-00137-WLH (AJRx), 2023 WL 8790013, at *1 (C.D. Cal. Oct. 25, 2023) (referencing declarations submitted in support of application under § 1782).[1]

Mr. Darwish, whose attorney represents that he is a dual citizen of the United States and Jordan, asserts that he is "temporarily residing" in Greenwood Village, Colorado. ECF No. 1 ¶ 1. His mother, Khadijeh Darwish, who is also a dual citizen of the United States and Jordan, now resides in Amman, Jordan. *Id.* ¶ 2. In September 2019, Khadijeh Darwish was diagnosed with Alzheimer's disease. *Id.* ¶ 4. In 2020, a conservatorship proceeding involving Ms. Darwish was instituted in a Jordanian court. Id. ¶5. Maisoun Darwish, Mr. Darwish's sister and the daughter of Khadijeh Darwish, was appointed as conservator for their mother in the Jordanian proceeding. *Id.* ¶ 6.

In the instant case, counsel states that Mr. Darwish believes his sister is plundering the assets of the conservatorship estate. To address that alleged misconduct, according to counsel, Mr. Darwish "has instituted an action in the Jordanian conservatorship proceeding" in which he seeks the discharge of his sister as conservator and his appointment in her stead:

> The Applicant's action filed in the Jordanian conservatorship proceeding is premised on allegations that the current conservator, Maisoun Darwish, has committed or facilitated conversion and defalcation of assets of the conservatorship estate, both before and after the conservatorship was established, including conservatorship assets on deposit in the U.S. bank accounts referenced above.

---

[1] In any renewed Application, the court anticipates that Mr. Darwish will submit a properly-supported declaration or affidavit, made in accordance with 28 U.S.C. § 1746, confirming the veracity of the facts set forth in the Application and attesting to the truth and accuracy of the supporting documents.

*Id.* ¶¶ 7-8. To facilitate his goals in the Jordanian case, Mr. Darwish asks that this court enter an order permitting discovery in the form of subpoenas for production of documents to branches of the Banks in Colorado (the "Proposed Subpoenas"), where Khadijeh Darwish is alleged to have "maintained checking and investment accounts." *Id.* ¶ 3; ECF No. 1-5 (subpoena to US Bank); ECF No. 1-6 (subpoena to Wells Fargo). The Proposed Subpoenas seek a broad swath of records associated with accounts maintained in the name of Mr. Darwish's mother and sister, including accounts to which his sister is a signatory. ECF No. 1-5 at 4; ECF No. 1-6 at 4.[2] He attaches documents from the presiding judge in the Jordanian court requesting that the Banks produce the documents requested the Proposed Subpoenas. ECF No. 1 ¶ 9; *see also* ECF Nos. 1-1 to 1-4.

## ANALYSIS

Section 1782(a) of Title 28 of the United States Code authorizes "[t]he district court of the district in which a person resides or is found" to "order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal" upon "the application of any interested person." Thus, to obtain discovery under § 1782(a), the applicant must make a three-part threshold showing: (1) that he is an "interested person"; (2) that the discovery sought is to be used in a proceeding in a foreign or international tribunal; and (3) the target of discovery is "found" in the District. *See In re Perez Pallares*, No. 10-cv-02528-PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 2010).

However, even when these minimal threshold requirements are satisfied, "[t]he Court

---

[2] The court notes a possible inconsistency in the dates in the Proposed Subpoenas, which reference a request for bank statements dating from November 1, 2021, through April 15, 2021, and another request for the period November 11, 2021, through April 15, 2025. *Compare* ECF No. 1-5 ¶ 1(b) *with id.* ¶ 2(b).

retains discretion over whether to permit the requested discovery." *Id.* (citing *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 260 (2004)). "In ruling on a § 1782(a) request, the Supreme Court has explained, a district court should consider: (1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and character of the proceedings underway abroad, and, more specifically, the receptivity of the foreign court to federal court assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of the foreign country; and (4) whether the request is unduly intrusive or burdensome." *In re Laggner*, 2024 WL 128168, at *2 (citing *Intel Corp.*, 542 U.S. at 264-65).

The court anticipates that Mr. Darwish will be able to establish the first two statutory requirements in light of the assertions in the Application, but the court is unable to conclude, on the current record, that the Banks are "found" in the District of Colorado for purposes of § 1782(a). In the very brief Application, no legal argument or evidence is provided that would explain why two banks headquartered in other states—and, presumably, with their principal places of business outside this District[3]—may be found in this District under § 1782(a). *See Fialdini*, No. 21-mc-00007-WJM-NYW, 2021 WL 411105, at *4 (D. Colo. Feb. 5, 2021) (finding that it was unclear whether airlines were "found" in this District for purposes of § 1782 where "[t]here is no evidence that any of these three Airlines are incorporated in Colorado or have or have their principal place of business in this District that would permit general personal

---

[3] The court takes judicial notice of the fact that US Bank is headquartered in Minneapolis, Minnesota, *see* US Bank Headquarters & Corporate Office (last visited October 14, 2025), and that Wells Fargo is headquartered in San Francisco, California. *See* Mailing Addresses – Wells Fargo (last visited October 14, 2025).

jurisdiction to lie") (citing *In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 452 (S.D.N.Y. 2018) (construing "found" for the purposes of 28 U.S.C. § 1782 in a District that can exercise personal jurisdiction over the discovery target), *aff'd sub nom. In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1035 (N.D. Cal. 2016) (same); *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (holding a corporation is "at home" for purposes of general personal jurisdiction in the state in which it is incorporated or has its principal place of business)).

      Moreover, this court has located no case—and Mr. Darwish points to none—in which the Tenth Circuit Court of Appeals has addressed the requirements for assessing whether a corporate entity is "found" in a District for purposes of § 1782, including in the particular context of banks with branches located in the District. Based on its own research, the court is aware that other courts have concluded that a bank is "found" in a District "because the bank has significant activity, owns properties, has numerous office locations, and maintains facilities in the district." *In re Rodriguez Guillen*, No. 20-MC-102 (ALC), 2020 WL 3497002, at *2 (S.D.N.Y. June 29, 2020) (citing to a "Memorandum of Law in Support of Application Under 28 U.S.C. § 1782," with supporting exhibits, in concluding "that compelling Bank of America to provide discovery 'comport[s] with constitutional due process'") (quoting *Matter of Fornaciari for Order to Take Discovery Pursuant to 28 U.S.C. § 1782*, 2018 WL 679884, at *2 (S.D.N.Y. Jan. 29, 2018) (internal quotations omitted)); *see also In re Aso*, No. 19-MC-190, 2019 WL 2345443, at *3 (S.D.N.Y. June 3, 2019) ("Based on the evidence that was provided, the Court finds that [the banks] are found in the Southern District of New York.") (citing declaration and supporting exhibit). Other courts, however, have not "found" a bank present in a District for § 1782

purposes even if it operates multiple branches within that jurisdiction. *See, e.g.*, *In re Application of Masters for an Ord. Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 274-78 (D.D.C. 2018) (concluding that banks' alleged contacts with the District in the form of "ubiquitous retail locations and ATMs," along with a corporate sponsorship of a football team, were not sufficient to satisfy the requirement of § 1782(a) that the entities must reside in or be found in the District).

In sum, absent the presentation of supporting evidence and argument as delineated above, the court cannot conclude at this juncture that the Banks are "found" in this District. Accordingly, the court does not reach the *Intel* discretionary factors. The court will expect specific evidence and argument on the question of the Banks' presence in this District, along with an analysis of the *Intel* factors, in any renewed Application, should Mr. Darwish choose to file one.

## CONCLUSION

For the reasons set forth herein, it is therefore **ORDERED** that:

(1)   The Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782 in Aid of Foreign Proceedings (ECF No. 1) is **DENIED**;

(2)   To the extent Mr. Darwish seeks to file a renewed Application, such Application shall be **FILED** on or before **November 12, 2025**. Should no Application be filed on or before that date, the case will be terminated; and

(3)   The Motion for Ruling (ECF No. 10) is **DENIED as moot**.

DATED: October 15, 2025

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

7